UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MATTHEW WIESMORE

                        Plaintiff,

       v.

ANDREW M. SAUL,[1] Commissioner of
Social Security,

                        Defendant.
_____

**DECISION
and
ORDER**

**18-CV-01068-LGF
(consent)**

APPEARANCES:        LAW OFFICES OF KENNETH R. HILLER
                                  Attorneys for Plaintiff
                                  MARY ELLEN GILL, of Counsel
                                  6000 Bailey Avenue
                                  Suite 1A
                                  Amherst, New York 14226

                                  JAMES P. KENNEDY, JR.
                                  UNITED STATES ATTORNEY
                                  Attorney for Defendant
                                  Federal Centre
                                  138 Delaware Avenue
                                  Buffalo, New York 14202;

                                  KRISTIN M. ROGERS
                                  Special Assistant United States Attorney, of Counsel
                                  Social Security Administration
                                  Office of the General Counsel, of Counsel
                                  26 Federal Plaza, Room 3904
                                  New York, New York 10278, and

                                  ELLEN SOVERN
                                  Office of the General Counsel
                                  Social Security Administration

---

[1] Andrew M. Saul became the Commissioner of the Social Security Administration on June 17, 2019, and pursuant to Rule 25(d) of the Federal Rules of Civil Procedure is automatically substituted as the defendant in this suit with no further action required to continue the action.

Office of the General Counsel
601 E. 12th Street, Room 965
Kansas City, MO 64106, and

**JURISDICTION**

On October 7, 2019, this case was reassigned to the undersigned before whom the parties consented pursuant to 28 U.S.C. § 636(c) to proceed in accordance with this Court's June 29, 2018 Standing Order. (Dkt. No. 15). The court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on motions for judgment on the pleadings, filed on May 28, 2019, by Plaintiff (Dkt. No. 9), and on July 29, 2019, by Defendant (Dkt. No. 11).

**BACKGROUND and FACTS**

Plaintiff Matthew Wiesmore ("Plaintiff"), brings this action pursuant to the Social Security Act ("the Act"), seeking review of the Commissioner of Social Security's ("the Commissioner" or "Defendant") decision denying his application for Supplemental Security Income ("SSI") benefits under Title II of the Act ("disability benefits"). Plaintiff, born on April 13, 1992 (R. 16),[2] has a high school education with two years of college, and alleges that he became disabled on August 1, 2014, when he stopped working because of asthma, ulcerative colitis, post-traumatic stress disorder ("PTSD"), anxiety, and depression. (R. 186).

Plaintiff's application for disability benefits was initially denied by Defendant on June 29, 2015 (R. 56), and, pursuant to Plaintiff's request, a hearing was held before

---
[2] "R" references are to the pages of the Administrative Record electronically filed by Defendant on March 28, 2018 (Dkt. No. 8).

Administrative Law Judge William M. Manico ("Judge Manico" or "the ALJ"), on June 26, 2017, in Buffalo, New York, where Plaintiff, represented by Carol A. Brant, Esq. ("Brant") appeared and testified. (R. 33-55). Vocational Expert Randy Salmons ("the VE" or "VE Salmons"), also appeared and testified. The ALJ's decision denying Plaintiff's claim was rendered on August 3, 2017. (R. 11-26). Plaintiff requested review by the Appeals Council, and on August 7, 2018, the ALJ's decision became Defendant's final decision when the Appeals Council denied Plaintiff's request for review. (R. 1-4). This action followed on September 28, 2018, with Plaintiff alleging that the ALJ erred by failing to find him disabled. (Dkt. No. 1).

On May 28, 2019, Plaintiff filed a motion for judgment on the pleadings ("Plaintiff's motion"), accompanied by a memorandum of law (Dkt. No. 9-1) ("Plaintiff's Memorandum"). Defendant filed, on July 29, 2019, Defendant's motion for judgment on the pleadings ("Defendant's motion"), accompanied by a memorandum of law (Dkt. No. 11-1) ("Defendant's Memorandum"). On October 6, 2019, Plaintiff filed a reply to Defendant's memorandum ("Plaintiff's Reply"). (Dkt. No. 14). Oral argument was deemed unnecessary.

On January 20, 2014, Alicia Coulter ("Ms. Coulter"), a licensed social worker at Horizon Corporation ("Horizon"), completed a mental health behavioral health assessment on Plaintiff and noted that Plaintiff reported uncontrollable crying, low energy, lack of motivation, poor sleep habits, and low appetite as a result of child abuse by his father and witnessing his mother's recent death (R. 284), and evaluated Plaintiff with guarded behavior, clear speech, logical thought process and appropriate thought content, good insight and judgment, and no perceptual disturbances. (R. 301).

On January 27, 2015, Nurse Practitioner Sharon Yager ("N.P. Yager"), with Horizon, completed a diagnosis review on Plaintiff and evaluated Plaintiff with appropriate behavior, good eye contact, euthymic mood, appropriate affect, good judgment, intact memory, good concentration (R. 309), and noted that Plaintiff reported that his anger improved with his Lamictal (manic depression) medication (R. 311). On March 10, 2015, N.P. Yager evaluated Plaintiff with an irritable mood with blunt affect, impaired recent and remote memory, and increased Plaintiff's Lamictal dosage. (R. 318). That same day, Shabrin Haque, M.D. ("Dr. Haque"), completed a diagnostic evaluation on Plaintiff and noted that Plaintiff reported flashbacks and exhibited depersonalization, fair memory, concentration, and insight, diagnosed Plaintiff with PTSD, depression, anxiety, rule out major depressive disorder, mood disorder not otherwise specified ("NOS"), and changed Plaintiff's depression medication from Cymbalta to Zoloft. (R. 329).

On April 6, 2015, Ms. Coulter completed a mental health questionnaire on Plaintiff noting Plaintiff exhibited generalized personality disorder, difficulty thinking and concentrating, emotional lability (irregular mood response), mood disturbance, sleep disturbance, distractibility, inappropriate affect and panic attacks, that Plaintiff was unable to meet competitive work standards because of his inability to maintain attention and concentration for more than two hours at a time at work, work in coordination with or proximity to others without being unduly distracted, complete a normal workday without interruptions from psychologically based symptoms, perform at a consistent pace without an unreasonable number of rest periods, accept instructions and respond appropriately to criticism from supervisors, get along with coworkers without unduly

distracting them or exhibiting behavioral extremes, understand, remember, and carry out detailed instructions, interact appropriately with the general public, and maintain socially appropriate behavior, and that Plaintiff would likely be absent from work more than four days each month, off-task more than twenty-five percent of each day and was incapable of even low stress work. (R. 411-14).

On April 21, 2015, N.P. Yager noted that Plaintiff reported that his mood had improved on Zoloft. (R. 312). On October 27, 2015, N.P. Yager noted that Plaintiff reported that he became suicidal when his medication ran out, and on December 23, 2015, evaluated Plaintiff with irritable and blunted affect noting that Plaintiff reported feeling depressed and not sleeping. (R. 364). On February 17, 2016, N.P. Yager evaluated Plaintiff with similar results. (R. 366).

On April 11, 2016, Ms. Coulter provided mental health counseling to Plaintiff and noted that Plaintiff exhibited a restricted affect, limited engagement with poor eye contact, that Plaintiff's mood improved when speaking about a friend, and that Plaintiff was maintaining a mood log. (R. 424).

On April 27, 2016, N.P. Yager noted that Plaintiff exhibited a labile mood with appropriate affect. (R. 373).

On September 6, 2016, Ms. Coulter noted that Plaintiff reported memory problems and blackouts, and evaluated Plaintiff with fair eye contact, and a euthymic (normal) mood with fair insight. (R. 383-83).

On September 22, 2016, Rachel Wroblewski ("Ms. Wroblewski"), a social worker with Horizon, noted that Plaintiff exhibited a flat affect with minimal eye contact, memory problems and a lack of concentration from his medication. (R. 433). On October 25,

2016, Ms. Wroblewski noted that Plaintiff continued to exhibit poor eye contact but was more engaged.  (R. 445).  On December 6. 2016, Ms. Wroblewski noted that Plaintiff reported that his grandmother had died and experienced no emotional response.  (R. 449).  On January 3, 2017, Ms. Wroblewski noted that Plaintiff exhibited a depressed mood with flat affect.  (R. 451).

On February 7, 2017, N.P. Yager noted that Plaintiff exhibited poor hygiene and grooming with blunted and odd affect.  (R. 392).

On March 3, 2017, Ms. Wroblewski noted that Plaintiff reported continued memory problems and struggled with thoughts of social interaction (R. 457), and on March 17, 2017, reported bi-monthly flashbacks with low motivation and anxiety in social settings.  (R. 460).  On April 17, 2017, Ms. Wroblewski noted that Plaintiff was unhappy with his living arrangements and exhibited flat affect.  (R. 463).  On May 24, 2017, Ms. Wroblewski noted that Plaintiff exhibited flat affect and reported continued memory loss from his medications with difficulty concentrating.  (R. 466).

## DISCUSSION

A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or the decision is based on legal error.  *See* 42 U.S.C. 405(g); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003).  "Substantial evidence" means 'such relevant evidence as a reasonable mind might accept as adequate.'" *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000).

A.  **Standard and Scope of Judicial Review**

The standard of review for courts reviewing administrative findings regarding disability benefits, 42 U.S.C. §§ 401-34 and 1381-85, is whether the administrative law judge's findings are supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence requires enough evidence that a reasonable person would "accept as adequate to support a conclusion." *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938). When evaluating a claim, the Commissioner must consider "objective medical facts, diagnoses or medical opinions based on these facts, subjective evidence of pain or disability (testified to by the claimant and others), and . . . educational background, age and work experience." *Dumas v. Schweiker*, 712 F.2d 1545, 1550 (2d Cir. 1983) (quoting *Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981)). If the opinion of the treating physician is supported by medically acceptable techniques and results from frequent examinations, and the opinion supports the administrative record, the treating physician's opinion will be given controlling weight. *Schisler v. Sullivan*, 3 F.3d 563, 567 (2d Cir. 1993); 20 C.F.R. § 404.1527(d); 20 C.F.R. § 416.927(d). The Commissioner's final determination will be affirmed, absent legal error, if it is supported by substantial evidence. *Dumas,* 712 F.2d at 1550; 42 U.S.C. §§ 405(g) and 1383(c)(3). "Congress has instructed . . . that the

factual findings of the Secretary,[3] if supported by substantial evidence, shall be conclusive."  *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

The applicable regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability insurance benefits.  20 C.F.R. §§ 404.1520 and 416.920.  *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir. 1982).  The first step is to determine whether the applicant is engaged in substantial gainful activity during the period for which benefits are claimed.  20 C.F.R. §§ 404.1520(b) and 416.920(b).  If the claimant is engaged in such activity the inquiry ceases and the claimant is not eligible for disability benefits.  *Id.*  The next step is to determine whether the applicant has a severe impairment which significantly limits the physical or mental ability to do basic work activities as defined in the applicable regulations.  20 C.F.R. §§ 404.1520(c) and 416.920(c).  Absent an impairment, the applicant is not eligible for disability benefits.  *Id.*  Third, if there is an impairment and the impairment, or an equivalent, is listed in Appendix 1 of the regulations and meets the duration requirement, the individual is deemed disabled, regardless of the applicant's age, education or work experience, 20 C.F.R. §§ 404.1520(d) and 416.920(d), as, in such a case, there is a presumption the applicant with such an impairment is unable to perform substantial gainful activity.[4]  42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A); 20 C.F.R. §§ 404.1520 and 416.920.  *See also*

---

[3] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

[4] The applicant must meet the duration requirement which mandates that the impairment must last or be expected to last for at least a twelve-month period.  20 C.F.R. §§ 404.1509 and 416.909.

8

*Cosme v. Bowen*, 1986 WL 12118, at * 2 (S.D.N.Y. 1986); *Clemente v. Bowen*, 646 F.Supp. 1265, 1270 (S.D.N.Y. 1986).

However, as a fourth step, if the impairment or its equivalent is not listed in Appendix 1, the Commissioner must then consider the applicant's "residual functional capacity" and the demands of any past work. 20 C.F.R. §§ 404.1520(e), 416.920(e). If the applicant can still perform work he or she has done in the past, the applicant will be denied disability benefits. *Id.* Finally, if the applicant is unable to perform any past work, the Commissioner will consider the individual's "residual functional capacity," age, education and past work experience in order to determine whether the applicant can perform any alternative employment. 20 C.F.R. §§ 404.1520(f), 416.920(f). *See also Berry,* 675 F.2d at 467 (where impairment(s) are not among those listed, claimant must show that he is without "the residual functional capacity to perform [her] past work"). If the Commissioner finds that the applicant cannot perform any other work, the applicant is considered disabled and eligible for disability benefits. 20 C.F.R. §§ 404.1520(g), 416.920(g). The applicant bears the burden of proof as to the first four steps, while the Commissioner bears the burden of proof on the final step relating to other employment. *Berry,* 675 F.2d at 467.

In reviewing the administrative finding, the court must follow the five-step analysis and 20 C.F.R. § 416.935(a) ("§ 416.935(a)"), to determine if there was substantial evidence on which the Commissioner based the decision. 20 C.F.R. § 416.935(a); *Richardson*, 402 U.S. at 410.

Here, the ALJ determined that Plaintiff had the severe impairments of asthma, depression, anxiety and PTSD (R. 13), that Plaintiff's impairments do not meet or

9

medically equal a listed impairment, and that Plaintiff had the residual functional capacity to perform a full range of work at all exertional levels with limitations to avoiding concentrated exposure to extremes of heat, cold, humidity, odors, dust, fumes, gases, no interaction with the public as part of job responsibilities, limited interaction with others to no more than one-third of the workday, and no fast-paced assembly work.  (R. 16). Plaintiff does not contest the ALJ's findings at steps one through three of the disability review process but contends that the ALJ erred in evaluating Plaintiff's residual functional capacity assessment.

**E.  Residual functional capacity**

Once an ALJ finds a disability claimant does not have a severe medically determinable physical or mental impairment, 20 C.F.R. § § 404.1520(a)(4)(ii), that significantly limits the claimant's physical and mental ability to do work activities, *Berry*, 675 F.2d at 467, and the claimant is not able, based solely on medical evidence, to meet the criteria established for an impairment listed under Appendix 1, the burden shifts to the Commissioner to show that despite the claimant's severe impairment, the claimant has the residual functional capacity to perform alternative work, 20 C.F.R. § 404.1520(a)(4)(iv) and prove that substantial gainful work exists that the claimant is able to perform in light of the claimant's physical capabilities, age, education, experience, and training.  *Parker v. Harris*, 626 F.2d 225, 231 (2d Cir. 1980).  To make such a determination, the Commissioner must first show that the applicant's impairment or impairments are such that they nevertheless permit certain basic work activities essential for other employment opportunities.  *Decker v. Harris*, 647 F.2d 291, 294 (2d Cir. 1981). Specifically, the Commissioner must demonstrate by substantial evidence the applicant's

"residual functional capacity" with regard to the applicant's strength and "exertional capabilities." *Id.*

The Second Circuit requires that all complaints . . . must be considered together in determining . . . work capacity. *DeLeon v. Secretary of Health and Human Services,* 734 F.2d 930, 937 (2d Cir. 1984). Once an ALJ finds a disability claimant does not have a severe medically determinable physical or mental impairment, 20 C.F.R. § 404.1520(a)(4)(ii), that significantly limits the claimant's physical and mental ability to do work activities, *Berry,* 675 F.2d at 467, and the claimant is not able, based solely on medical evidence, to meet the criteria established for an impairment listed under Appendix 1, the burden shifts to the Commissioner to show that despite the claimant's severe impairment, the claimant has the residual functional capacity to perform past work, 20 C.F.R. § § 404.1520(a)(4)(iv), and to prove substantial gainful work exists that the claimant is able to perform in light of the claimant's physical capabilities, age, education, experience, and training. *Parker*, 626 F.2d 225 at 231. It is improper to determine a claimant's residual work capacity based solely upon an evaluation of the severity of the claimant's individual complaints. G*old v. Secretary of Health and Human Services*, 463 F.2d 38, 42 (2d Cir. 1972). To make such a determination, the Commissioner must first show that the applicant's impairment or impairments are such that they permit certain basic work activities essential for other employment opportunities. *Decker v. Harris*, 647 F.2d 291, 294 (2d Cir. 1981). Specifically, the Commissioner must demonstrate by substantial evidence the applicant's "residual functional capacity" with regard to the applicant's strength and "exertional capabilities." *Id.* at 294.

An individual's exertional capability refers to the performance of "sedentary," "light," "medium," "heavy," and "very heavy" work.  *Decker*, 647 F.2d at 294.  In addition, the Commissioner must establish that the claimant's skills are transferrable to the new employment if the claimant was employed in a "semi-skilled" or "skilled" job.  *Id.* at 294. This element is particularly important in determining the second prong of the test, whether suitable employment exists in the national economy.  *Id.* at 296.

Plaintiff contends that the ALJ's residual functional capacity assessment of Plaintiff is erroneous, as the ALJ improperly evaluated the findings of Plaintiff's mental health counselors Ms. Coulter and Ms. Wroblewski.  Plaintiff's Memorandum at 13-17. In particular, Plaintiff alleges that the ALJ's affording of limited weight to Ms. Coulter and Wroblewski's findings that Plaintiff would miss more than four days of work each month and was therefore unable to work resulted in a residual functional capacity assessment based upon the ALJ's own interpretation of the medical evidence, and that that ALJ failed to provide appropriate reasons for affording limited weight to those findings based on the ALJ's opinion that Ms. Coulter and Wroblewski were not acceptable medical sources.  *Id.*  Defendant maintains that the ALJ was not required to afford controlling weight to the opinions of Ms. Coulter and Wroblewski as "other medical sources" and provided good reasons for affording little weight to the opinions as required under 20 C.F.R. § 416.913(d)(1), which provides that "only acceptable medical sources can be considered treating sources . . . whose medical opinions may be entitled to controlling weight."  Defendant's Memorandum at 5-9.

As social workers, Ms. Coulter and Ms. Wroblewski are considered "other sources" rather than "acceptable medical sources" and their opinions, accordingly, are

not presumptively entitled to controlling weight. *See Sirris v. Colvin*, 2016 WL 6090585, at *3 (W.D.N.Y. Oct. 19, 2016) (citing *Seignious v. Colvin*, 2016 WL 96219, at *6 (W.D.N.Y. Jan. 8, 2016)). Nonetheless, ALJs are required to evaluate opinions from "other sources" on key issues such as the severity and functional effects of claimant's impairments and provide findings on whether (1) the source examined the claimant; (2) the opinion was rendered by a treating source; (3) the opinion is supported by relevant evidence; (4) the opinion is consistent with the record as a whole; (5) the opinion was rendered by a specialist, and any other factors that tend to support or contradict the opinion. *See* 20 C.F.R. § 416.927(c)(1-6).

Here, the ALJ afforded limited weight to Ms. Coulter's finding that Plaintiff was unable to meet competitive work standards, had a marked restriction to completing activities of daily living and maintaining concentration, would be off task more than twenty-five percent of each workday, and would likely miss more than four days of work each month because Ms. Coulter had a limited relationship with Plaintiff by providing treatment to Plaintiff on only two occasions (R. 22 referencing 284-307), only eight months after Plaintiff's alleged disability onset date, and was occasionally evaluated with logical thought processes, appropriate thought content, and oriented cognitive status with good insight and judgment. *Id.* In making this determination, the ALJ relied upon only Plaintiff's visits to N.P. Yager for medication management purposes to support the ALJ's finding that "progress [reports] show that the [Plaintiff's] thought processes were logical and his thought content was appropriate." (R. 22). However, a thorough review of N.P. Yager's medication management notes reveal that during Plaintiff's visits on January 27, 2015 (R. 323), and March 10, 2015 (R. 317), Plaintiff

13

exhibited impaired recent and remote memory, on October 27, 2015 (R. 358), Plaintiff reported that he became suicidal after his medication ran out, on December 23, 2015 (R. 363), N.P. Yager noted that Plaintiff was depressed, irritable, unable to sleep, and lost 12 pounds because of his poor appetite, on February 17, 2016 (R. 366), Plaintiff displayed an irritable mood with blunt affect, on September 6, 2016 (R. 379), N.P. Yager noted that Plaintiff reported memory blackouts, on February 7, 2017 (R. 389-93), noted that Plaintiff exhibited blunted and odd affect, and on March 3, 2017 (R. 457), Plaintiff exhibited blunt affect and continued memory problems. Such notations are at least suggestive of some degree of consistency between Plaintiff's medication management visits to N.P. Yager, an acceptable medical source, and Ms. Coulter's April 6, 2015 (R. 409-13) findings on Plaintiff's non-exertional limitations and inability to work. Accordingly, remand is required to afford the ALJ the opportunity to re-contact N.P. Yager and provide a determination of whether N.P. Yager agrees with Ms. Coulter's findings on Plaintiff's non-exertional limitations consistent with the requirements under 20 C.F.R. § 416.927(c)(3-5). *See*, 20 C.F.R. § 404.1512(d)(1)(2). "[W]here there are deficiencies in the record, an ALJ is under an affirmative obligation to develop a claimant's medical history even when the claimant is represented by counsel or a paralegal." *Guillen v. Berryhill*, 697 Fed. App'x. 107, 108 (2d Cir. 2017) (quoting *Brault v. Social Security Administration Commissioner,* 683 F.3d 443, 447 (2d Cir. 2012)). Should the ALJ find, upon re-contacting N.P. Yager, that the ALJ's credibility assessment of Plaintiff has changed, the ALJ should provide such revised assessment if necessary.

## CONCLUSION

Based on the foregoing, Plaintiff's motion (Doc. No. 9) is GRANTED; Defendant's motion (Doc. No. 11) is DENIED. The matter is REMANDED for further proceedings consistent with this DECISION and ORDER.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:	January 16, 2020
	Buffalo, New York